UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                               Plaintiff,

                               v.

LUIS QUINTERO,

                               Defendant.
_____

<u>DECISION AND ORDER</u>

08-CR-6007L

On April 14, 2020 (Dkt. #37), defendant Luis Quintero ("Quintero") through his attorney, the Federal Public Defender for the Western District of New York, filed a motion to modify this Court's sentence for a violation of supervised release, pursuant to 18 United States Code, Section 3582(c)(1)(A)(i). The motion is granted and the Bureau of Prisons is directed to release the defendant Luis Quintero immediately.

The Court has reviewed the several papers and attachments submitted on the motion. The defendant's motion contains several exhibits. The Government responded in an 18-page letter on April 27, 2020 (Dkt. #39). Thereafter, defendant filed a detailed reply on April 28, 2020 (Dkt. #40).

The basis for Quintero's motion is, of course, the world-wide public health issue involving the potentially lethal COVID-19 virus. It is now clear based on numerous reports from medical experts that prisons pose a special danger for transmittal of this highly-contagious virus.

Quintero is presently serving a 12-month sentence, with no supervised release to follow, at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. According to both the Government and Quintero, his maximum release date is January 28, 2021.

The Government contends that Quintero's motion should be denied because he has failed to exhaust his administrative remedies under the statute. To the contrary, I believe that Quintero has complied. The Government's Response (Dkt. #39 at 2) states that the Warden at MDC wrote to Quintero's representative on April 19, 2020, clearly stating that Quintero did not meet the "criteria" for release and therefore compassionate release was denied. The Bureau of Prisons has not responded further. This Court accepts and relies on those numerous cases cited by Quintero which waive for a variety of reasons exhaustion condition.

There are several reasons why release is warranted. First of all, it does appear that Quintero has significant medical issues which make him more susceptible than another to contract this virus. As set forth in detail in Quintero's Reply (Dkt. #40), he suffers from diabetes, a compromised immune system, obesity, and hypertension. His Reply sets forth with some particularity the risks attendant on such diseases, especially when considered together. In addition, in connection with a potential class action pending the Southern District of New York, pursuant to Court Order of Chief Southern District of New York Judge Colleen McMahon, 537 people at MDC reportedly met the criteria under the standards under the Center for Disease Control ("CDC") as being medically vulnerable. The defendant, Luis Quintero, was one of the 537 individuals identified by the MDC as being a vulnerable inmate.

Although the Government's Response on this case paints a sanguine picture of circumstances at MDC, the facts indicate otherwise. Quintero's attorney submitted as a supplement to his motion a facility evaluation performed in connection with another pending lawsuit in the Southern District, 20-CV-01590. That 22-page report tracks and reports on the multiple systemic failures in the response at the MDC to impede the COVID-19 pandemic.

The Government's treatment of Quintero's medical conditions are somewhat cursory but I find that they are sufficiently serious that, together with other considerations, provide extraordinary and compelling reasons to reduce Quintero's sentence.

I note also that Quintero is serving a 12-month sentence for a violation of supervised release. The violation was, of course, serious but this is not a circumstance where the moving defendant faces many years remaining on the imposed sentence. The Government claims that Quintero is a danger to the community. The Government accurately sets forth Quintero's prior record and it is serious. He has received several prior sentences. If he continues to engage in criminal activity he will, once again, return to jail. But I am not convinced that Quintero is any more dangerous by being released now than he would be a few months from now in January 2021, his maximum release date. Quintero will be supervised, not by Federal Probation Officers, but by New York State Parole.

Furthermore, I believe this Decision is consistent with both the recently enacted CARES Act and with the forceful Memorandum from the Attorney General of the United States, dated March 26, 2020, directing the Bureau of Prisons to prioritize the use of home confinement during this extraordinary pandemic.

The Court was advised by letter dated May 4, 2020, that defendant Quintero's family will make arrangements to provide travel from Brooklyn by train or bus, or retrieve him by automobile from the MDC and it does appear that he has a stable place to reside at his father's residence in Rochester, New York.

After considering the applicable factors set forth in 18 U.S.C. § 3553(a), the standards set forth at 18 U.S.C. § 3582(c)(1)(A), and the Policy Statement of the Sentencing Commission set forth at U.S.S.G. § 1B1.13, this Court finds that extraordinary and compelling reasons warrant a reduction in defendant Quintero's sentence and further finds that the administrative exhaustion requirement

has been sufficiently satisfied and/or waived; and finds that defendant Quintero is not a significant present danger to the safety of any other person or to the community.

Accordingly, it is hereby ORDERED:

(1) Defendant Luis Quintero's motion for compassionate release (Dkt. #37) is GRANTED.

(2) Defendant Luis Quintero's sentence is hereby reduced to TIME SERVED and he is Ordered to be IMMEDIATELY RELEASED.  The Court directs the Bureau of Prisons at the MDC to immediately commence the process of releasing the defendant from custody and the United States Attorney's Office is directed to take all steps to communicate and to facilitate that relief.

(3) The remainder of defendant's sentence will be served on home confinement. The Bureau of Prisons is directed to provide the defendant with funds and costs of transportation, if necessary, to defendant's bona fide residence in the Western District of New York, pursuant to 18 U.S.C. § 3624(d).

(4) Following the defendant's release, he must travel directly to Rochester, New York, and rigidly self-quarantine for at least fourteen (14) days after entry to the residence and comply with all rules and regulations for such quarantine in the State of New York.  Defendant will be under supervision of New York State Parole.

ALL OF THE ABOVE IS ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 6, 2020.